UNITED STATES of America for the Benefit and on Behalf of Harry SHERMAN, Chas. Robinson, Ronald D. Wright, Stuart Scofield, Lee Lalor, William Ames, Ernest Clements, Carl Lawrence, Gordon Pollock and Harold Sjoberg, as Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Appellants,

v.

Donald G. CARTER, Individually; Donald G. Carter, Doing Business as Carter Construction Company, Carter Construction Company and Hartford Accident and Indemnity Company, Appellees.

No. 16267.

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1959.

Johnson & Stanton, Gardiner Johnson, Thomas E. Stanton, Jr., San Francisco, Cal., Charles P. Scully, San Francisco, Cal., for appellant.

Dinkelspiel & Dinkelspiel, Richard C. Dinkelspiel, John F. Taylor, San Francisco, Cal., for appellee.

Before ORR, POPE and HAMLIN, Circuit Judges.

## PER CURIAM.

■ Appellee Carter was contractor on a federal works project and was obligated by a collective bargaining agreement to make contributions to the Laborers Health and Welfare Trust Fund for Northern California. The agreement provided as follows:

> "If any individual employer defaults in the making of such contributions or payments and if the Board consults legal counsel with respect thereto, or files any suit or claim with respect thereto, there shall be added to the obligation of the employer who is in default, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the board in connection with such suit or claim."

The contractor defaulted in making such contributions and the trustees, appellants herein, sued the Hartford Accident and Indemnity Company which was surety on payment bonds supplied by the contractor pursuant to the Miller Act (40 U.S. C.A. § 270a, § 270b). The United States District Court found against appellants. An appeal was taken to the United States Court of Appeals, 9 Cir., 229 F.2d 645 which said court affirmed the decision of the district court. The appellants thereafter petitioned the Supreme Court of the United States for a writ of certiorari which was granted, 351 U.S. 917, 76 S.Ct. 710, 100 L.Ed. 1450. The said Supreme Court thereafter heard the case and reversed. 353 U.S. 210, 77 S.Ct. 793, 799,

1 L.Ed.2d 776. The mandate of the Supreme Court recited in part:

> "The trustees' claim for liquidated damages, attorneys' fees, court costs and other related expenses * * * has equal merit. The contractor's obligation to pay these items is set forth in the trust agreement. It is stipulated that they form a part of the consideration which Carter agreed to pay for services performed by his employees. If the employees are to be 'paid in full' the 'sums justly due' to them, these items must be included. Their amount * * * remains to be determined."

After the remand, the district court again considered the case and made certain awards of court costs and attorneys' fees. In said awards the district court excluded reimbursement for attorneys' fees and expenses incurred by appellants in taking the case to the Supreme Court of the United States. In this we think the court erred. In our opinion, this was an expense clearly within the bond and mandate of the Supreme Court for which appellants were entitled to receive a reasonable amount as reimbursement. Appellants are also claiming reimbursement of attorneys' fees and costs incurred in the instant appeal.

■ We reverse the judgment and remand so that the district court may have a free hand in determining the amount of the attorneys' fees, expenses and court costs due appellants for the entire litigation, including the appeal to the Supreme Court and the instant appeal to this court. Under the terms of the bond and the mandate of the Supreme Court, appellants are only entitled to receive a reasonable amount as reimbursement for these items. It is to be understood that this court reaches no decision as to the reasonableness of fees and expenses heretofore allowed by the trial court. It is the purpose of this court in remanding the case to permit the trial court in reaching a decision to disregard findings heretofore made in the event it sees fit to do so.

Judgment reversed.